### HENRY et al. v. HENRY et al.

(Circuit Court of Appeals, Fifth Circuit. March 19, 1926. Rehearing Denied April 15, 1926.)

No. 4614.

Trusts ⬷25(1)—Deed of an uncertain interest in supposedly worthless realty held a conveyance of full title, not in trust.

Deed, in consideration of $1, of any interest which grantor might have by reason of inheritance in certain supposedly worthless land, for grantee's separate use and benefit, *held* a conveyance of full title, not in trust, particularly in view of litigation necessary to establish any interest covered by deed.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action by Grace Henry and another against Olive Henry and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

C. W. Howth and M. G. Adams, both of Beaumont, Tex. (David E. O'Fiel and Lamar Hart, both of Beaumont, Tex., on the brief), for appellants.

C. L. Carter, Brady Cole, and G. P. Dougherty, all of Houston, Tex., for appellees.

John C. Townes, Jr., and G. P. Dougherty, both of Houston, Tex., for appellee Humble Oil & Refining Co.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from a judgment quieting the title of Mrs. Olive Henry, wife of George Washington Henry, and her said husband, to two lots of land in what is known as tract No. 6 of the Bradley Garner survey, in Orange county, Tex., containing, respectively, 19.75 acres and 10.90 acres.

Appellants claim through R. A. Henry, who was the husband of Mae Henry and the father of Grace Henry. The suit was originally at law, but was transferred to the equity side, and the pleadings were recast. They are too voluminous to be briefly stated.

There are 27 assignments of error, covering some 20-odd pages of the record. They are somewhat diffuse, and need not be specially analyzed, as the case is before us on all the facts in the record. The issues may be fully presented by epitomizing the material facts, which are these:

Some time in 1909, appellee Mrs. Olive Henry discovered that her husband, G. W. Henry, and his brothers and sisters, including his half-brother, R. A. Henry, were lineal descendants of Claiborne West, and also of his wife, Anna West, who was a descendant of Bradley Garner. Claiborne West was one of the early settlers of Texas, fought in the Revolution of 1836, and was a signer of the Texas Declaration of Independence. Mrs. Olive Henry conceived the idea that Claiborne West must have received grants of land from the Republic of Texas, and after some considerable investigation found out about the Bradley Garner survey in Orange county. She was anxious to recover any interest that her husband and his brothers and sisters might have had in this land, but as it was practically worthless at that time she received no encouragement from them.

Finally R. A. Henry and J. C. Henry executed deeds, on March 25, 1911, conveying to Mrs. Olive Henry, for her own separate use and benefit all of their right, title, and interest in and to any lands they were entitled to receive then or thereafter as heirs or legal representatives from the estate of Claiborne West and his wife, Anna West, or either of them. The cash consideration of $1 named in each deed was paid. About a year thereafter, Mrs. Olive Henry secured similar deeds from E. P. Henry, another brother, and from Jennie Henry Peters, a sister of her husband. Thereafter, and apparently largely as a result of Mrs. Olive Henry's activities, a suit for partition was filed in the district court of Orange county, entitled M. A. Watson et al. v. R. L. Harmon

et al., to which suit all the heirs of Anna West, or those having an apparent interest in the property, so far as could be ascertained, including R. A. Henry and appellees, were made parties. Judgment was rendered in said suit, at the May term, 1915. Commissioners were appointed, and in due course reported a partition in kind, dividing the survey into tracts, and the tracts in turn into lots, and setting aside the lots awarded to appellees by the judgment herein.

Mrs. Olive Henry paid a portion of the costs of the partition suit amounting to about $50. Neither R. A. Henry nor his brother and sister took any interest in the property, evidently considered it worthless, and did not pay any part of the costs of suit. R. A. Henry was separated from his wife, though not divorced, and lived part of the time with appellees. Mrs. Olive Henry took care of him at times, when he was sick or otherwise needed attention. He made no claim to the property during his lifetime, nor does his brother, J. C. Henry, who was equally interested in it, and who made an identical conveyance, claim title now. R. A. Henry died in 1916. In August, 1921, the land was considered valuable for oil development and leased to the Humble Oil & Refining Company, one of the appellees herein. Some time after that appellants were informed by a lawyer, whose name is not disclosed, that they had an interest in the property. Naturally this suit followed. It was filed in September, 1923.

It is the contention of appellants that the judgment of partition above referred to vested title to said land in R. A. Henry, under whom they claim, and that the deed from him to Mrs. Olive Henry was intended merely as a conveyance in trust, and not intended to divest said R. A. Henry of the equitable title. The judgment of partition is not as clear in its terms as it might be but, applying the usual canons of construction, it is quite evident that it did no more than to fix the interest of the heirs of Anna West, who were numerous, in the Garner survey, recognized the rights of Mrs. Olive. Henry as an assignee of R. A. Henry, and did not attempt to adjudicate any adverse interest as between them.

Regarding the second ground of contention of appellants, we think the evidence completely demonstrates that the deed was intended as a conveyance of the full title of R. A. Henry to Olive Henry in and to any interest in land that he might be entitled to as an heir of Claiborne West and

his wife. He was no doubt grateful to her for her personal attentions when he was sick, and at other times when he needed care. The land was considered worthless, and required a lawsuit to establish his interest and reduce it to possession. In fact, it might almost be said, considering the necessity for registration and payment of costs of partition and of taxes thereafter, that the purchase price of $1 was adequate. There is nothing in the record from which it might be assumed that he intended a conveyance in trust.

We find no error in the record.

Affirmed.